## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RANDY RICHARDSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 16-cv-09600 |
| v. | ) | |
| | ) | |
| LVNV FUNDING, LLC, and FIRST | ) | |
| NATIONAL COLLECTION BUREAU, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | **Jury Demanded.** |

## COMPLAINT

Plaintiff, Randy Richardson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3.     Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4.     Specifically, Plaintiff suffered a concrete informational injury as a result of Defendants' failure to provide complete and truthful information in connection with its attempt to collect an alleged debt from Plaintiff. *Bellwood v. Dwivedi*, 895 F.2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from

misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5.     Plaintiff, Randy Richardson ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted HSBC Bank USA, N.A./Rhodes/Homemaker credit account.  Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6.     Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that does or transacts business in the State of Illinois. Its registered agent is Illinois Corporation Service, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from the Illinois Secretary of State).

7.     LVNV is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.     LVNV is licensed as a collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

9.     LVNV regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as that term is defined in § 1692a(6) of the FDCPA

10.     Defendant First National Collection Bureau, Inc. ("FNCB") is a Nevada corporation that does or transacts business in the State of Illinois. Its registered agent is Lexis Document Services, Inc., located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit C, Record from Illinois Secretary of State).

11.     Defendant FNCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

12.     Defendant FNCB holds a collection agency license from the State of Illinois, which is currently on probation. (Exhibit D, Record from Illinois Department of Financial & Professional Regulation).

13.     Defendant FNCB regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

14.     Plaintiff incurred a debt for goods and services used for personal purposes, originally for a HSBC Bank USA, N.A./Rhodes/Homemaker consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

15.     Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

16.     LVNV purportedly purchased the alleged debt sometime thereafter.

17.     LVNV subsequently assigned the alleged debt to FNCB for collection.

18.     On or about July 23, 2016, FNCB mailed a collection letter ("Letter") directly to Plaintiff regarding the alleged debt. (Exhibit E, Collection Letter).

19.     The Letter conveyed various information regarding the account, including an account number, the original creditor, and a total balance due.

20.     Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

21.      The Letter stated in part:

> **The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it.**

22.     The alleged debt is time-barred, meaning that LVNV cannot sue Plaintiff.

23. The Letter states that LVNV has *chosen* not to sue ("will not sue you"), instead of the true fact that it cannot sue as a matter of law.

24. Defendants' statement contained in FNCB's Letter is materially deceptive to the unsophisticated consumer, who would believe that LVNV has the option to change its mind should he not pay the alleged debt.

25. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> > **(A) the character, amount, or legal status of any debt. . . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

26. Defendants made deceptive and misleading representations when they communicated to Plaintiff that LVNV was opting not to sue Plaintiff, when in fact, it was not permitted to sue as a matter of law, in violation of 15 U.S.C. §§1692e, 1692e(2) and 1692e(10).

27. A Letter can deceive the unsophisticated consumer when it fails to tell the consumer that the debt is time barred and Defendant cannot sue Plaintiff to collect it, rather, it implies that Defendant **has chosen** not to sue, instead of the true fact that it cannot sue. *Slick v. Portfolio Recovery Assocs., LLC*, 2015 U.S. Dist. LEXIS 84448, *10 (N.D. Ill. June 30, 2015), citing *Pantoja v Portfolio Recovery Associates, LLC,* 2015 U.S. Dist. LEXIS 26908, *4-5 (N.D. Ill. Jan. 14, 2015); *Phillip Ross v. St. Clair Foundry Corp*., 271 Ill. App. 271, 273 (4th Dist. 1933); *See also McMahon v. LVNV Funding, LLC*, 744 F. 3d 1010, 1021 (7th Cir. 2014); *Green*

*v. Monarch Recovery Mgmt., Inc.*, No. 1:13-CV-00418-SEB, 2015 WL 4599480, at *9 (S.D. Ind. July 29, 2015), appeal denied (Sept. 2, 2015); *Magee v. Portfolio Recovery Associates*, LLC, No. 12 CV 1624, 2016 WL 2644763, at *4 (N.D. Ill. May 9, 2016).

28.     Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material. *See Lox v. CDA*, 689 F.3d 818, at 827. Here, Defendant's misrepresentation that the IRS would become involved if she paid less than the full amount of the debt owed could cause Plaintiff to feel that she was required to pay the debt in full to avoid IRS involvement.

29.     LVNV authorized, directed, and ratified every action taken by FNCB on its behalf, and is liable for the acts and omissions of FNCB, committed in connection with efforts to collect the alleged debt from Plaintiff. *See Fox v. Citicorp Credit Services, Inc*., 15 F. 3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P*., 225 F. 3d 379 (3rd Cir. 2000).

30.     A debt collector bears the burden of monitoring the activities of those it enlists to collect debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016).

31.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

32.     Plaintiff re-alleges above paragraphs as if set forth fully in this count

33.     Defendants made deceptive and misleading representations when they communicated to Plaintiff that LVNV was opting not to sue Plaintiff, when in fact, it was not permitted to sue as a matter of law, in violation of 15 U.S.C. §§1692e, 1692e(2) and 1692e(10).

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against each Defendant as follows:

A.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.     Statutory damages from Defendant LVNV pursuant to 15 U.S.C. § 1692k(a)(2);

C.     Statutory damages from Defendant FNCB pursuant to 15 U.S.C. § 1692k(a)(2);

D.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

E.     Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman_____

Michael Wood
Celetha Chatman
*Community Lawyers Group, Ltd.*
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com