IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANDY RICHARDSON, ) | Case No. 1:16-cv-09600 |
| Plaintiff, ) | |
| ) | Judge: John J. Tharp, Jr. |
| v. ) | |
| ) | Magistrate Judge: Michael T. Mason |
| LVNV FUNDING, LLC and FIRST ) | |
| NATIONAL COLLECTION BUREAU, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, LVNV Funding, LLC ("LVNV") and First National Collection Bureau, Inc. ("FNCB"), by and through their attorneys David M. Schultz, Nabil G. Foster and Lindsey A.L. Conley of Hinshaw & Culberson, LLP, respectfully requests this Court dismiss Plaintiff Randy Richardson's ("Plaintiff" or "Richardson") Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof, states as follows:

**INTRODUCTION**

Plaintiff filed the instant action alleging violations of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Specifically, Plaintiff claims that Defendants violated the FDCPA by sending an allegedly deceptive and misleading collection letter. Plaintiff attempts to state a claim based upon Defendants' failure to provide him with information regarding legal issues concerning his debt. In essence, Plaintiff's claim is based upon a twisted and idiosyncratic interpretation of the exact language district courts and the Federal Trade Commission ("FTC") have deemed to be sufficient to advise consumers about the collection of time-barred debts in an

attempt to manufacture a FDCPA claim.[1] This Court should not allow Plaintiff to proceed on such a bizarre interpretation of language that was crafted and mandated by federal regulatory agencies with the authority to enforce the FDCPA. Plaintiff's Complaint should be dismissed with prejudice.

## STATEMENT OF FACTS

Plaintiff filed his lawsuit against Defendants and alleges various violations under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* Plaintiff incurred an outstanding financial obligation for a HSBC Bank USA, N.A./Rhodes/Homemaker credit card. Cmplt., ¶ 14. Defendant LVNV subsequently acquired Plaintiff's debt, and the debt was then placed with Defendant First National Collection Bureau, Inc. ("FNCB") for collection. Cmplt., ¶¶ 16, 17. On July 23, 2016, Defendant FNCB sent Plaintiff correspondence in an effort to collect the delinquent account. Cmplt., ¶ 18. That letter stated in relevant part: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it…" Cmplt., Exhibit E thereto.

Plaintiff avers that the letter is deceptive and misleading because it communicated that LVNV was opting not to sue Plaintiff for the debt when it was not permitted to sue as a matter of law. Cmplt., ¶ 26. In light of the foregoing, Plaintiff alleges that the letter violates Sections e, e(2)(A) and e(10), (Cmplt., ¶ 26), which preclude (i) a false representation regarding the character, amount, or legal status of any debt and (ii) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

---

[1] *See United States v Asset Acceptance, LLC*, No. 12-cv-00812, ECF No. 5 (M.D. Fla. Jan. 31, 2012).

**ARGUMENT**

Plaintiff's Complaint should be dismissed because the allegations, even assuming them to be true, fail to state a valid claim. F.R.C.P 12(b)(6) provides for dismissal of a complaint when it fails to state a claim upon which relief can be granted. A plaintiff is obligated to provide more than conclusions, and a formulaic recitation of the elements of a cause of action to survive dismissal. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In considering a motion to dismiss, a district court may consider any facts set forth in the complaint that undermines the plaintiff's claim, including exhibits attached to the complaint. *See* Fed.R.Civ.P. 10(c); *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2013).

The *Twombly/Iqbal* standard requires a pleading to contain sufficient factual allegations to show a "plausible" claim for relief. *Bissesur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009). In determining "plausibility," the court may disregard conclusory allegations even if they are alleged in the form of factual allegations. *Twombly*, 127 S. Ct. at 1950. ("[F]or the purposes of a motion to dismiss … we are not bound to accept as true a legal conclusion couched as a factual allegation").

> **A. Plaintiff's claim hinges on an idiosyncratic and bizarre interpretation of the letter.**

The Seventh Circuit instructs that, "[W]e disregard unrealistic, peculiar, bizarre and idiosyncratic interpretations of collection letters." *Durkin v. Equifax Check Servs. Inc.*, 406 F.3d 410, 414 (7th Cir. 2005). However, Plaintiff's entire claim is a contorted, peculiar and idiosyncratic reading of the very language that the Federal Trade Commission deemed to be sufficient to advise consumers about the collection of time-barred debts, *i.e.*, that debtors will not be sued over debts for which the statute of limitations has expired.

Counsel for consumers in this district often cite to the consent decree between the FTC

and Asset Acceptance, *United States v Asset Acceptance, LLC*, No. 12-cv-00812, ECF No. 5 (M.D. Fla. Jan. 31, 2012), attached as Ex A., to support their claims. Ironically, that same consent decree undermines the Plaintiff's claim in this case. In that consent decree, the FTC and the federal district court that accepted the consent decree deemed the following language sufficient and to satisfy all disclosure requirements under the FDCPA for time-barred debt collection:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency.

The letter in this case clearly tells the Plaintiff that:

> The law limits how long you can be sued on a debt. Because of the age of your debt LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.

There is no material difference between the model language drafted by the FTC and the language in the letter in this case.

Plaintiff wishes to fabricate a distinction to manufacture a claim under the FDCPA. Plaintiff claims that the letter is deceptive because it does not explicitly say that the Defendants cannot sue as a matter of law. Cmplt., ¶ 23. Plaintiff essentially claims the FDCPA was violated because the Plaintiff was not given explicit legal advice about the application of the Illinois statute of limitations as an affirmative defense to his debt. The FDCPA contains no requirement or directive of providing legal opinions or legal advice to debtors about potential affirmative defenses under State law. Plaintiff is attempting to misuse the FDCPA to transform debt collectors, including licensed attorneys who seek the collection of debts owed to clients, into legal advisors for the debtors. Plaintiff wants the FDCPA to force collectors to provide legal opinions about the affirmative defenses available to a debtor, like the statute of limitations.

There is no such requirement in the FDCPA. This Court should refrain from misreading the FDCPA to create any such obligation because it is not the law and it would create a conflict of interest for any debt collection lawyer in Illinois under Illinois Rule of Professional Conduct 1.7, comment 6, Identifying Conflicts of Interest: Directly Adverse.

Plaintiff deliberately is misreading the letter, because the letter clearly states: "The law limits how long you can be sued on a debt," and that because of the age of Plaintiff's debt, the Defendants will not sue. The plain meaning and reading of the letter shows that it is not deceptive and it does not misrepresent anything. The language clearly states the owner of his debt will not sue him to collect that debt. The language was deemed sufficient by the Fair Trade Commission to satisfy all the restrictions imposed by the FDCPA on communications with consumers.

Courts have found that the language in the letter informs the recipient of the letter of a time bar issue and that it cannot be sued on the debt. *See Pantoja v. Portfolio Recovery Associates, LLC*, 78 F. Supp. 3d 743, 746 (N.D. Ill. 2015) (stating that the inclusion of the statement "the law limits how long you can be sued on a debt" informs the recipient of a letter that it cannot be sued on the debt); *Sorenson v. Rozlin Fin. Grp.*, No. 15 C 50088, 2015 WL 6955494, at *2 (N.D. Ill. Nov. 10, 2015) (stating that a letter which included the Asset Acceptance consent decree language notes the issue of a time bar and states that the recipient will not be sued and the obligation will not be reported to credit agencies). There is nothing false, unfair or deceptive about the letter. Therefore, the letter was not misleading because it did inform Plaintiff that because of the age of the debt, there would be no lawsuit for the debt, and that is sufficient under the FDCPA. This Court should not allow Plaintiff to assert a claim based upon a contorted, peculiar and idiosyncratic interpretation and therefore, should dismiss

5

Plaintiff's Complaint with prejudice.

### B. Plaintiff's claim is immaterial and should be dismissed with prejudice.

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011). The FDCPA is designed to provide information that helps consumers choose intelligently…to be actionable a misleading statement must have the ability to influence the consumer's decision. *Id.* at 941-42. Plaintiffs' claim against Defendants is a far cry from achieving the legislative goals of § 1692e.

In *Wahl v. Midland Credit Mgmt.,* the Seventh Circuit reviewed a FDCPA claim brought under § 1692e and determined that the plaintiff's claim was "hyper-technical at best and flawed from beginning to end." 556 F.3d 643, 645 (7th Cir. 2009). The issue in *Wahl* was whether § 1692e was violated when a collector, although accurately stating the amount demanded, breaks down the principal and interest components of the debt in an arguably false manner. *Id.* at 644. The court granted judgment in favor of the collector reasoning that "while the FDCPA is a strict liability statute . . . *the state of mind of the reasonable debtor is always relevant.*" *Id.* at 646 (emphasis added). Additionally, the court held that plaintiff could not win simply by showing a falsity in a technical sense; rather, plaintiff must show that the alleged falsity would materially mislead the unsophisticated consumer. *Id.*

Shortly thereafter, the Seventh Circuit expanded upon *Wahl* in *Hahn v. Triumph Partnerships LLC,* 557 F.3d 755 (7th Cir. 2009). In *Hahn,* the Seventh Circuit relied on United States Supreme Court holding that "materiality is an ordinary element of any federal claim based upon a false or misleading statement" in deciding to apply the requirement of materiality to a FDCPA claim brought under § 1692e. *Id.* at 757–58 citing *Carter v. United States*, 530 U.S. 255

131525083v1 0992164

(2000); *Neder v. United States*, 527 U.S. 1 (1999). The Court reasoned that the FDCPA "is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective nor undermines it." *Id*. citing *Peters v. General Service Bureau, Inc.*, 277 F.3d 1051, 1056 (8th Cir. 2002); cf. *Evory v. RJM Acquisitions Funding L.L.C*., 505 F.3d 769, 776-77 (7th Cir. 2007). The court concluded that a "statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Id.* at 758.

Here, the letter was not false. The letter informed Plaintiff of the time barred status of the debt as well as indicated that it would not sue Plaintiff for the debt. To date, no collection suit has been filed against Plaintiff for the debt at issue. The statement that LVNV would not sue Plaintiff for the debt would not undermine his decisions regarding the debt as he was placed on notice that no legal proceedings would be filed against him. An unsophisticated consumer would understand the letter and would not be deceived or misled by it. Therefore, Plaintiff's complaint should be dismissed with prejudice.

### C. The Collection Letter Attached to the Complaint Contradicts the Allegations in the Complaint.

The complaint should also be dismissed because Plaintiff's complaint contains allegations that are contradicted by the letter which is attached to the complaint and the subject of this suit. Plaintiff claims in paragraph 28 that the letter, Ex. E of the complaint, references the IRS: "Here, Defendant's misrepresentation that the IRS would become involved if she paid less than the full amount of the debt owed…" Compl. ¶ 28. However, the letter makes no reference to the IRS. Rather, the letter proposes the debt will be consider fully satisfied if the debtor accepts a payment plan of 6 smaller payments over a period of 6 months. The IRS is not mentioned in this

131525083v1 0992164

letter. The letter upon which this complaint is based contradicts the allegations of paragraph 28. There is no good reason why this defective complaint should be allowed to stand.

      WHEREFORE, Defendants, LVNV Funding, LLC and First National Collection Bureau, Inc., respectfully request this Court dismiss Plaintiff's Complaint with prejudice.

      Respectfully submitted,

      HINSHAW & CULBERTSON LLP

      /s/*Nabil G. Foster*
      Nabil G. Foster

David M. Schultz
Nabil G. Foster
Lindsey A.L. Conley
Hinshaw & Culbertson LLP
222 North LaSalle St., Suite 300
Chicago, IL 60601-1081
Telephone:312-704-3000
Facsimile:312-704-3001
dschultz@hinshawlaw.com
nfoster@hinshawlaw.com
lconley@hinshawlaw.com

8

## CERTIFICATE OF SERVICE

       I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on November 29, 2016.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Michael J. Wood |
| ___ | Federal Express | Celetha Chatman |
| _ _ | E-Mail | COMMUNITY LAWYERS GROUP, LTD. |
| ___ | Messenger | 73 W. Monroe St., Suite 514 |
| | | Chicago, IL 60603 |
| | | Phone: (312) 757-1880 |
| | | Fax: (312) 476-1362 |
| | | mwood@communitylawyersgroup.com |
| | | cchatman@communitylawyersgroup.com |

David M. Schultz  
Nabil G. Foster  
Lindsey A.L. Conley  
HINSHAW & CULBERTSON LLP  
222 North LaSalle St., Suite 300  
Chicago, IL 60601-1081  
Telephone:312-704-3000  
Facsimile:312-704-3001  
nfoster@hinshawlaw.com  
dschultz@hinshawlaw.com  
lconley@hinshawlaw.com  

*/s / Nabil G. Foster*  
Nabil G. Foster  
One of the Attorneys for Defendant

9

131525083v1 0992164