**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RANDY RICHARDSON | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 16-cv-09600 |
| v. | ) | |
| | ) | Hon. John J. Tharp, Jr. |
| LVNV FUNDING, LLC and FIRST | ) | |
| NATIONAL COLLECTION BUREAU, INC., | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| DEFENDANTS. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Now comes Plaintiff, Randy Richardson, by and through his attorneys, and for his Response to Defendants' Motion to Dismiss, states as follows:

**INTRODUCTION**

Defendants, LVNV Funding, LLC ("LVNV") and First National Collection Bureau, Inc. ("FNCB"), seek to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that the collection letter at issue does not violate the FDCPA because the collection letter expressly disclaimed litigation, and is consistent with the language crafted and mandated by federal regulatory settlements. (Dkt. #14, Defendants LVNV and FNCB's Memorandum of Law in Support of Motion to Dismiss, p. 5).

Defendants' collection letter offers Plaintiff a "discounted offer" and then states:

> **The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.**

*See* Collection Letter, attached to Plaintiff's Complaint as Exhibit E.

Defendants argue that Plaintiff's claim "is based upon a twisted and idiosyncratic interpretation of the exact language district courts and the Federal Trade Commission ("FTC")

1

have deemed to be sufficient to advise consumers about the collection of time-barred debts."
(Dkt. #14, p. 2). Defendants further argue that the language in their collection letter matches the
language proposed by the FTC in its consent decrees with various debt collectors, and thus
satisfies all disclosure requirements under the FDCPA. (Dkt. #14, p. 4) (citing *United States v.
Asset Acceptance, LLC*, NO. 12-cv-00812, ECF No. 5 (M.D. Fla. Jan. 31, 2012)). Defendants
claim that their collection letter is not deceptive or misleading, and that it clearly states that
LVNV and FNCB will not sue Plaintiff. (Dkt. #14, p. 5).

Defendants rely on consent decrees with the FTC, which do not serve as judicial
precedent, and which have been found to be deficient under these very circumstances by several
district courts in this circuit. Furthermore, the language in the letter at issue fails to notify the
consumer that Defendants not only will not sue the consumer, but *cannot* sue the consumer due
to the expiration of the statute of limitations, which is deceptive, misleading, and an unfair
practice in violation of the FDCPA.  Finally, the deceptive and misleading statements are
material. Defendants are omitting material language that can mislead the consumer and affect his
decisions. By including such material language, Defendants would not, as they suggest, be
providing advice as to "potential defenses to a legal action", but instead, will be presenting full
factual information regarding the debt that debt collectors already have in their files, or can
easily obtain.

As will be shown below, Plaintiff has made facially plausible claims necessary to
withstand the Motion to Dismiss, and respectfully requests that Defendants' Motion to Dismiss
be denied.

## STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case, see, *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC,* 999 F.2d 188, 191 (7th Cir. 1993). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.,* 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994). To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (*Conley*). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.,* 58 F.3d 295, 297 (7th Cir. 1995).

The FDCPA "is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions." *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009). A determination of whether a statement is false, deceptive or misleading, like a determination as to whether a statement is confusing under the FDCPA, is a fact-bound determination of how an unsophisticated consumer would perceive the statement. *McMillan v. Collection Professionals Inc.,* 455 F.3d 754, 759 (7th Cir. 2006). In determining

3

whether a statement is confusing or misleading, a district court must "tread carefully" because "district judges are not good proxies for the `unsophisticated consumer' whose interest the statute protects." *Marquez v. Weinstein, Pinson, Riley, P.S. et al*, No. 15-3273, – F.3d –, 2016 WL 4651403 (7th Cir. Sept. 7, 2016) (citing *McMillan v. Collection Professionals Inc.,* 455 F.3d 754, 759 (7th Cir. 2006).

Generally, whether a collection letter is deceptive or misleading raises a question of fact that should be left to the jury. *Grden v. Leikin Ingber & Winters, PC*, 643 F. 3d 169, 172 (6th Cir. 2011) (citing *Hartman v. Great Seneca Fin. Corp.*, 569 F. 3d 606, 613 (6th Cir. 2009)).

## ARGUMENT

### I. Plaintiff Has Stated a Claim for Relief Under Section 1692e Because Defendant's Collection Letter Language Is Deceptive and Misleading

Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the threat to take an action not intended to be taken. *See* 15 U.S.C. § 1692e(5). A false representation can still lead to liability under § 1692e even if the act is unintentional. *Turner v. J.V.D.B. Assocs.*, 330 F. 3d 991, 998 (7th Cir. 2003); *Gearing v. Check Brokerage Corp.*, 233 F. 3d 469, 472 (7th Cir. 2000) (citing *Russell v. Equifax A.R.S.*, 74 F. 3d 30, 33 (2d Cir. 1996) (because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages)). Furthermore, "proof of one violation is sufficient" to support plaintiff's claim under the FDCPA. *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990).

Plaintiff's §§ 1692e(2)(A) and 1692e(10) claims state that Defendants' collection letter made materially deceptive statements by implying that they were choosing not to sue on a time-barred debt, when in fact they were prohibited by law from doing so. Furthermore, Plaintiff's

4

claims state that Defendants committed material violations of the FDCPA because the statements in the collection letter would lead a consumer to alter his or her course of action as to whether to pay a debt, or would be a factor in the consumer's decision making process. *See* Complaint, ¶¶ 23-28.

### A. The Statement that Defendants "Will Not" Sue Plaintiff is Deceptive and Misleading; Failure to Clearly Disclose that a Debt is Time-Barred is Deceptive and Misleading

Defendants claim that Plaintiff's interpretation of the collection letter is idiosyncratic and contorted, and that the plain meaning and reading of the letter is not deceptive or misleading. (Dkt. #14, pp. 3-5). Defendants additionally claim that by using the language from a consent decree with the FTC, they are entirely in compliance with the FDCPA. (Dkt. #14, p. 4). However, the consent decree is not judicial precedent, and several courts have found that consent decrees, like the ones that Defendants cite, does not go far enough.

In *Pantoja v. Portfolio Recovery Associates, LLC*, plaintiff brought suit based on a collection letter sent by *Portfolio Recovery Associates, LLC.* The letter at issue did not give a date when the debt was incurred, but merely stated that "[b]ecause of the age of your debt, we will not sue you for it. . ." 78 F. Supp. 3d 743, 746 (N.D. Ill. Jan. 14, 2015), *appeal docketed*, No. 15-1567 (7th Cir. Mar. 17, 2015). The letter also contained a settlement offer in which defendant offered a discounted price for plaintiff to pay to settle the account. Plaintiff's motion for Summary Judgment as to defendant's FDCPA violation was granted. *Id.* at 747. The court first found that the letter was deceptive because it did not tell the consumer that the debt was time-barred and defendant cannot sue to collect it, "rather, it implies that defendant has chosen not to sue." *Id.* at 746. The court also found that "[o]ffering to settle a legally unenforceable debt violates the [FDCPA]." *Id.*

Here, too, Defendants have used the exact same language that they "will not sue you for it," not that they "*cannot* sue you for it." The statement "[t]he law limits how long you can be sued on a debt" implies to the consumer that there is a statute of limitations or a point in time when they *cannot* be sued on the debt. However, the letter goes on to state that Defendants simply "will not" sue Plaintiff rather than the fact that they *cannot* sue Plaintiff. Nor does the letter inform Plaintiff of the date when the debt was incurred or when the statute of limitations expired. The implication of the phrase "will not" instead of *cannot* is that Defendants are choosing not to sue Plaintiff, and that they can or may change their mind should Plaintiff not make a payment. As a matter of speaking, the phrase "will not" when used in every day speech implies a choice. Merriam-Webster Dictionary defines the word will as "used to express desire, *choice, willingness*". *Will*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/will (last visited Jan. 24, 2017) (emphasis added). Defendants' use of the phrase "will not" in their letter can only be understood as meaning they are making a choice not to sue. This is the kind of misleading language the FDCPA is designed to prohibit.

Defendants' letter states that "[b]ecause of the age of your debt, LVNV Funding LLC will not sue you for it," but they have failed to clarify for the consumer how old the debt is, and for how long the debt can legally be sued upon. Defendants argue that the inclusion of such language in a collection letter would "force collectors to provide legal opinions about … affirmative defenses … like the statute of limitations." (Dkt. #14, p. 4). Inclusion of information such as when the debt was incurred and for how long it can legally be sued upon would not be the equivalent of providing legal opinions but rather would simply be a statement of fact. Moreover, inclusion of such language is not so novel or preposterous an idea as Defendants make it out to be.

6

In discussing the ease of including language about whether a debt is time-barred, the court in *McMahon v. LVNV Funding, LLC* so aptly stated "we find it unlikely that debt owners lack knowledge about the age of the debts they are attempting to collect." 744 F.3d 1010, 1022 (7th Cir. 2014). If the debt collector is a third party collecting on behalf of the original creditor, it should easily be able to get that information at the time the file is assigned by the original creditor, and if the debt collector has purchased the debt from the original creditor, the FTC has explained that buyers pay different amounts depending on how old the debt is and the number of previous attempts to collect it, such that whether the debt is time-barred should be known to the collector. *Id.*

Other courts have also found that similar language can mislead a consumer into believing that a debt is legally enforceable when a collection letter makes no mention of when the debt was incurred, and that the statute of limitations had expired. *Slick v. Portfolio Recovery Associates, LLC*, 111 F. Supp. 3d 900, 904 (N.D. Ill. June 30, 2015) (citing *McMahon*, 744 F. 3d at 1013-20). The use of the words "settle" or "settlement" imply that the debt is legally enforceable, and when language "would mislead an unsophisticated consumer into believing that the debt is legally enforceable . . . the collector has violated the FDCPA." *Id.* (citing *McMahon*, 744 F. 3d at 1020). Settlement offers on time-barred debts imply the ability of the debt collector to sue on the debt, and can appear to be an opportunity for the consumer to avoid court proceedings. *Magee v. Portfolio Recovery Associates, LLC*, No. 12-cv-1624, 2016 WL 26447633, *3 (N.D. Ill. May 9, 2016) (quoting *McMahon*, 744 F. 3d at 1022). *Magee* also found a collection letter to be misleading where it "failed to include language stating that Plaintiffs' debt was time barred, that they could no longer be sued on that debt …" *Id.* at *4.

Defendants also claim that because they included the FTC consent decree language, namely "[t]he law limits how long you can be sued on a debt", their letter cannot be deceptive or misleading. (Dkt. #14, p. 5). "The law limits how long you can be sued on a debt" is a conditional statement that Defendants have not attempted to clarify. Defendants rely on *Pantoja* to support their assertion that inclusion of such language guarantees their letter does not violate the FDCPA. *Pantoja*, however, merely finds that inclusion of the consent decree language saves the letter from making a *plainly* deceptive or misleading statement. 78 F. Supp. 3d at 846-47. Thus, even with the inclusion of this language, a collection letter may still deceive or mislead the unsophisticated consumer. *Pantoja* found the letter to be plainly deceptive on its face because "the only reasonable conclusion that an unsophisticated consumer (or any consumer) could reach is that defendant was seeking to collect on a legally enforceable debt, even if defendant indicated that it chose not to sue." *Id.* (citing *McMahon*, 744 F.3d at 1021). Additionally, the Seventh Circuit has been careful to warn debt collectors against a false sense of security when they include safe harbor language in their letters. "[S]afe harbor language is not a talisman against FDCPA liability in all circumstances. *Nichols v. Northland Groups, Inc.*, 2006 WL 897867 (N.D. Ill. Mar. 31, 2006).

In *McMahon v. LVNV Funding, LLC*, the court of appeals consolidated the appeals of two district court cases, *McMahon* and *Delgado*, relating to circumstances under which a collection letter for a time-barred debt could mislead an unsophisticated consumer to believe the debt is legally enforceable and thus violate the FDCPA. 744 F.3d 1010, 1012 (7th Cir. 2014). In *McMahon*, plaintiff filed a class action suit alleging violations of the FDCPA. The collection letter at issue said nothing about when the debt was incurred, "and contained no hint that the four-year statute of limitations applicable in Illinois had long since expired." *Id.* it also contained

an offer to settle the account. *Id.* at 1013. Plaintiff filed suit and defendant offered to settle, but plaintiff did not respond. *Id.* Defendant then moved for dismissal, claiming its settlement offered rendered McMahon's individual claims moot and thus made him an inadequate representative of the proposed class. The district court agreed and dismissed the case for lack of jurisdiction. Plaintiff appealed. *Id.* at 1013-14.

In *Delgado*, plaintiff filed suit alleging violations of the FDCPA. Again, the collection letter at issue contained an offer to settle the account but it did not state when the debt was incurred nor that defendant was in fact time-barred from enforcing the debt under Illinois law. *Id.* at 1015. Plaintiff claimed defendant violated the FDCPA by sending a letter on a time-barred debt and including a settlement offer that would actually make the debtor worse off if accepted. *Id.* Defendant's motion to dismiss for failure to state a claim was denied and defendant appealed.

The Seventh Circuit held that the district court in *Delgado* was correct in denying the motion and it was incorrect in *McMahon* for dismissing the action. The court explained that the proposition that a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable is straightforward under the FDCPA. *Id.* at 1020. Section 1692e(2)(A) specifically prohibits the false representation of the character or legal status of any debt. Whether a debt is legally enforceable "is a central fact about the character and legal status of that debt. A misrepresentation about that fact thus violates the FDCPA." *Id.* The court further noted that both Delgado and McMahon's letters contained an offer of settlement, a fact that made things worse, not better, since a "gullible consumer" who made a partial payment would inadvertently reset the limitations period and make themselves vulnerable to a suit on the full amount. *Id.* at 1021. The court added, "[t]hat is why those offers only reinforced the misleading impression that the debt was legally enforceable. *Id.*

Here, the collection letter sent by Defendants is very much like the letters received by plaintiffs in the *McMahon* cases. The letter failed to inform Plaintiff about when the debt was incurred and it did not clearly state that the Defendants were time-barred from collecting on the debt. While the letter did contain the statement "[t]he law limits how long you can be sued on a debt", this is a vague, general statement of the law and in no way conveys to the Plaintiff, or the unsophisticated consumer, that the statement somehow refers specifically to *this* debt. The following sentence, "[b]ecause of the age of your debt, LVNV Funding LLC will not sue you for it," does nothing to further clarify or explain to the consumer how old their debt is and whether or not they *can* be sued for it. This statement instead conveys to the average reader that Defendants merely decided that they have chosen not to sue, not that they cannot sue. The statement can also be interpreted to mean that Defendants could sue, but have promised not to. The Seventh Circuit explained in *McMahon* that if a debt collector stated it could sue on a time-barred debt but was promising to forbear, "that statement would be a false representation about the legal status of that debt[]" and thus a violation of the FDCPA. *Id.* at 1021.

Moreover, the two statements together are clearly susceptible to multiple interpretations and courts have held that a collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate. *Medina v. Allianceone Receivables Management, Inc.*, No. 16-4664 (E.D. Pa. Jan. 17, 2017) (finding a collection letter referencing IRS reporting deceptive because it could rightly be interpreted to have two different meanings and one was inaccurate). *Russel v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d. Cir. 1996) (a collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate).

The letter at issue here also contained a discounted offer, which for all intents and purposes, is an offer to settle the account. As the Seventh Circuit noted, the inclusion of such an offer only makes the letter worse, because it "reinforce[s] the misleading impression that the debt [is] legally enforceable." *McMahon*, 733 F.3d at 1021. On a time-barred debt, the statute of limitations serves as an affirmative defense that the debtor must invoke in a lawsuit against him. It is unfair and deceptive under the FDCPA for a debt collector to take advantage of the fact that the debtor will be ignorant of his rights and not invoke them. In *Kimber v. Federal Fin. Corp.*, the court held:

> **Because few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts, such consumers would unwittingly acquiesce to such lawsuits . . . Honest disclosure of the legal unenforceability of the collection action due to the time lapsed since the debt was incurred would have foiled FFC's efforts to collect on the debt. So instead, the corporation implicitly misrepresented to Kimber the status of the debt, and thereby misled her as to the viability of legal action to collect. As such, FFC's conduct was false and deceptive. . . .**

668 F. Supp. 1480, 1487-89 (M.D. Ala. 1987). As shown above, it is clear that Defendants' collection letter contains multiple misleading and deceptive statements, and as the cases above illustrate, those statements constitute the violations of the FDCPA and Plaintiff's Complaint is thus sufficient to withstand Defendants' Motion to Dismiss.

## II.  Plaintiff has Stated a Material Claim and Defendants' Violations of the FDCPA are Material Despite the Erroneous Allegation in the Complaint.

Defendants claim that Plaintiff's Complaint should be dismissed because it contains allegations that are contradicted by the collection letter which is attached to the complaint and is the subject of this suit. (Dkt. #14, p. 7). Paragraph 28 of the Plaintiff's Complaint references the IRS due to a scrivener's error, however the error does not affect the materiality of this Complaint. With leave of this court to amend the errant reference to the IRS contained in

11

Paragraph 28, the remainder of the Complaint still asserts a material claim sufficient to withstand Defendants' Motion to Dismiss.

Deceptive and misleading statements which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 826-27 (7th Cir. 2012). Defendants claim that the letter is not false. Defendants also claim that "[t]he statement that LVNV would not sue Plaintiff for the debt would not undermine his decisions regarding the debt as he was placed on notice that no legal proceedings would be filed against him" and "[a]n unsophisticated consumer would understand the letter and would not be deceived or misled by it." (Dkt. #14, p. 7).

Here, the letter does violate the FDCPA because it contains contradicting representations that are materially deceptive and misleading. Such representations would certainly be a factor in the Plaintiff's decision making process, if not entirely alter his course of action with respect to paying the debt. Defendants first state they will not sue the Plaintiff, but that representation is immediately followed by the statement that "[i]n many circumstances … you can start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt …" Such contradictory representations would lead Plaintiff to believe that LVNV has the option to sue should he not pay the alleged debt, or in the alternative, that if the Plaintiff takes "specific actions" such as making "certain payment" on the debt, he may still be subject to a lawsuit.

Moreover, the use of the words "you *can* start the time period …" indicates to the Plaintiff here, and the unsophisticated consumer, that taking specific actions *might* start the time period, when in reality, the action of making a payment does in fact start the time period for the

12

filing of a lawsuit on the debt. Such language and representations in Defendants' letter are materially deceptive and misleading. Further, they are material because they would be a factor in the Plaintiff's decision making process and lead a consumer, and this Plaintiff, to alter his or her course of action as to whether to pay the debt. The possibility of a lawsuit is looming depending on what course of action a debtor decides to take when he or she reads language such as this and the inclusion of it by Defendants constitutes a material violation of the FDCPA.

### **CONCLUSION**

For the reasons stated, Defendant's motion to dismiss should be denied. In the alternative Plaintiff seeks leave to amend its complaint, or for any other relief deemed necessary by this Court.

Respectfully Submitted,

By: s/*Celetha Chatman*
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

## <u>CERTIFICATE OF SERVICE</u>

I, Celetha C. Chatman, an attorney, hereby certify that on January 26, 2017, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: January 26, 2017**                                   Respectfully submitted,

                                                                        By:   s/ *Celetha C. Chatman*
                                                                        Celetha C. Chatman