**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RANDY RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 9600 |
| | ) | |
| LVNV FUNDING, LLC, and | ) | Judge John J. Tharp, Jr. |
| FIRST NATIONAL COLLECTION | ) | |
| BUREAU, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case involves an attempt to collect on a time-barred debt. Plaintiff Randy Richardson alleges that Defendants LVNV Funding, LLC ("LVNV") and First National Collection Bureau, Inc. ("First National") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by sending him a dunning letter that was designed to deceive him into paying off part of a debt, even though he was no longer legally required to pay any of it. The defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Richardson's one-count complaint fails as a matter of law because he cannot establish that the dunning letter is misleading, let alone materially so. The dispute here centers on whether the letter conveys the impression that LVNV (the purchaser of the debt) had merely chosen not to sue Richardson, instead of stating that LVNV was barred from doing so under the applicable statute of limitations. Because the Court finds that this is a question of fact that cannot be resolved at this stage of the litigation, the defendants' motion to dismiss is denied.

## BACKGROUND

The allegations in the complaint are straightforward.[1] Sometime ago, Richardson incurred a debt on his HSBC Bank USA ("HSBC") consumer credit account that he could not repay. (Compl. ¶¶ 14-15, ECF No. 1.) After it went into default, LVNV purchased the debt and assigned it to First National for collection. (*Id.* ¶¶ 15-17.) First National mailed Richardson a dunning letter on or about July 23, 2016, offering terms for the repayment of his debt. (*Id.* ¶ 18, Ex. E.) As of the date of the letter, however, Richardson's debt was time-barred. (*Id.* ¶ 22.) The dunning letter reads, in pertinent part, as follows:

> Our client LVNV Funding LLC is offering you a discounted offer of $1,071.42 in 6 payments over 6 months starting on 08/20/2016. (28 days)
>
> Once payments totaling $1,071.42 have been paid to our office on time, we will consider this account satisfied in full.
>
> Payments may not be made more than 30 days apart or this discounted offer may be cancelled.
>
> . . .
>
> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.
>
> In many circumstances, you can renew the debt and start the time period for filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you make take with respect to this debt.

(*Id.* at Ex. E.) The letter is signed by First National. (*Id.*) At the bottom of the letter, there are detachable coupons that specify the amount due and the deadline for making each of the six discounted offer payments. (*Id.*)

---

[1] For purposes of this Rule 12(b)(6) motion, the Court must treat the facts asserted in Richardson's complaint as true. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) (citing Fed. R. Civ. P. 12(b)(6)).

Richardson filed a one-count complaint against the defendants on October 7, 2016, alleging that the letter he received contains misleading information in violation of section 1692e of the FDCPA. The defendants responded by filing a motion to dismiss under Rule 12(b)(6).

## DISCUSSION

To overcome a motion to dismiss under Rule 12(b)(6), "a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, dismissal is proper only "if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to the relief requested." *Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016) (quoting *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)). In assessing the motion, the Court "must accept as true all factual allegations in the . . . complaint and draw all permissible inferences" in Richardson's favor. *W. Bend Mut. Ins. Co.*, 844 F.3d at 675 (quoting *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (internal quotation marks omitted)).

Richardson alleges that the defendants' letter violates section 1692e of the FDCPA because it provides misleading information about the enforceability of his time-barred debt and uses deceptive means to lure him into paying on that debt. The dispute focuses on the following language in the letter:

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.

3

According to Richardson, this language gives the false impression that LVNV has chosen not to sue him, instead of stating that LVNV cannot sue him because of the age of his debt. (Compl. ¶¶ 21-24.) In other words, he claims that the letter obscures the fact that he has a statute of limitations defense that bars LVNV from collecting on his debt if he elects not to pay. The defendants respond that these allegations fail to state a valid FDCPA claim for two reasons. They first argue that nothing in the letter contains false or misleading information about Richardson's debt. (Defs.' Mem. in Supp. of Mot. to Dismiss 3-5, ECF No. 14.) And, even if it does, nothing in the letter is *materially* misleading. (*Id.* at 6-7.) The Court rejects both of the defendants' grounds for dismissal and instead finds that Richardson adequately alleges a claim.

## I.      False, Deceptive, or Misleading Representations or Means

As an initial matter, debt collectors do not violate the FDCPA simply by seeking repayment of time-barred debts. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014). Such collection efforts are permissible because "some people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished." *Id.* Instead, debt collectors run afoul of the Act if they use any "false, deceptive, or misleading representation or means" to collect on a time-barred debt. 15 U.S.C § 1692e. This includes making false representations about the character or legal status of the debt, such as its enforceability, 15 U.S.C. § 1692e(2); *McMahon*, 744 F.3d at 1020-22 (finding letters offering to "settle" time-barred debts could violate section 1692e(2) by leading consumers to believe debts were legally enforceable), or using false representations or deceptive means generally to collect or attempt to collect the debt, 15 U.S.C. § 1692e(10).

Courts analyze whether collection letters are false, misleading, or deceptive from the point of view of an "unsophisticated consumer." *McMahon*, 744 F.3d at 1019 (citation omitted).

4

That is, they must ask "whether a person of modest education and limited commercial savvy would be likely to be deceived." *Id.* (citing *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007)). In doing so, courts must keep in mind that unsophisticated consumers "may tend to read collection letters literally, [but do] not interpret them in a bizarre or idiosyncratic fashion." *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (quoting another source). Whether a letter is misleading is a question of fact that typically cannot be resolved on a motion to dismiss. *Collopy v. Dynamic Recovery Solutions, LLC*, No. 16 C 6667, 2017 WL 1321118, at \*2 (N.D. Ill. Apr. 4, 2017) (citing *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501 (7th Cir. 1999)). Indeed, "[d]ismissal is appropriate only when it is apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *McMahon*, 744 F.3d at 1020 (quotation marks and citation omitted). That is not a conclusion the Court can reach here.

Recently, in *Pantoja v. Portfolio Recovery Associates, LLC*, the Seventh Circuit determined that a portion of the challenged language here is deceptive to an unsophisticated consumer. 852 F.3d 679, 686-87 (7th Cir. 2017). The collection letter in that case, which offered to settle a time-barred debt under various discount payments plans, stated: "Because of the age of your debt, we [the debt collectors] will not sue you for it and we will not report it to any credit reporting agency." *Id.* at 682. The court found the sentence was misleading because it gives the impression that the collector merely had "chosen not to sue," as opposed to being prohibited by law from doing so. *Id.* at 686. Few consumers know about statutes of limitations or that in many states, including Illinois, making a partial payment on the debt or a promise to do so could result in a waiver of the defense. *Id.* at 684-85. As a result, the court held that without a clear warning

5

about the defense, some consumers will choose to pay their stale debts not out of a moral obligation, but because "they fear the consequences of not doing so." *Id.* at 684, 687.

The holding in *Pantoja*, though, does not resolve this motion to dismiss. The letter sent to Richardson includes an additional, preceding sentence that discusses time-barred debts: "The law limits how long you can be sued on a debt." Thus, the question here is whether the preceding sentence (or anything else in the letter) dispels the misleading impression created by the following, "we will not sue you" sentence. The Court cannot conclude as a matter of law that it does. Although the preceding sentence indicates to the reader that there is a statute of limitations defense, an unsophisticated consumer may still be confused about whether the defense actually barred the defendants from suing on the debt. Stated differently, in reading both sentences together, a consumer could still "wonder whether [the collector] has chosen to go easy on this old debt out of the goodness of its heart, or perhaps because it might be difficult to prove the debt," *Pantoja*, 852 F.3d at 686, or because the limitations period had in fact expired.

An unsophisticated consumer may be further confused because the letter provides a "discounted offer" that would render Richardson's debt "satisfied in full." Consumers could find that this language contradicts the defendants' promise not to sue and implies that the defendants have some recourse if the consumer rejects the discounted offer. *See McMahon*, 744 F.3d at 1021; *Shields v. J.C. Christensen & Assocs., Inc.*, No. 16-CV-1548-SEB-DML, 2017 WL 1106085, at *3 (S.D. Ind. Mar. 24, 2017). While it is true that the letter does not use the term "settle" and includes language about resetting the limitations clock, the Court is not convinced that the letter clearly and plainly informs unsophisticated consumers that the debt collector is time barred from bringing suit to enforce the debt. *See Pantoja*, 852 F.3d at 687.

6

None of the defendants' arguments warrant a different conclusion either. The defendants contend that their letter is plainly not misleading because it uses language that the Federal Trade Commission ("FTC") and Consumer Financial Protective Bureau ("CFPB")—agencies that have been charged with enforcing the Act—have "deemed to be sufficient to advise consumers about the collection of time-barred debts . . . ." (Defs.' Mem. 3-4; Defs.' Reply in Support of Mot. to Dismiss 2, ECF No. 26). But approval from those agencies does not deem the challenged language sufficient as a matter of law. Because the language is taken from consent decrees that the FTC and CFPB have entered into with other debt collectors and is not the product of the formal rule making process, it does not warrant *Chevron*-style deference. *Collopy*, 2017 WL 1321118, at *3 (citing *Christensen v. Harris County*, 529 U.S. 576, 587 (2000)). Instead, agency approval serves only as evidence that the fact finder may consider—at a later time—to determine whether the defendants' letter is misleading to the unsophisticated consumer. *See Shields*, 2017 WL 1106085, at *3.

The defendants also argue that district courts in this circuit have found that the challenged language is clearly not misleading. In particular, they argue that Judge Gettleman in *Pantoja* found that the preceding, "law limits how long you can be sued" sentence in their letter clearly "informs the recipient that it cannot be sued on the debt." *Pantoja v. Portfolio Recovery Assocs.*, 78 F. Supp. 3d 743, 747 (N.D. Ill. 2015), *aff'd*, 852 F.3d 679 (7th Cir. 2017).[2] The Court, however, does not find this citation to be persuasive. Judge Gettleman's decision did not rest on a finding that the preceding sentence sufficiently informs consumers about the statute of

---

[2] The Seventh Circuit had not yet ruled on *Pantoja* when the parties finished briefing this motion. Nonetheless, both sides cited to and relied on Judge Gettleman's opinion in that case to support their positions. Because the appellate court affirmed Judge Gettleman's opinion and largely adopted his reasoning, *Pantoja*, 852 F.3d at 681-82, this Court did not ask the parties to submit supplemental briefing following the Seventh Circuit's ruling.

limitations defense. Instead, it merely held (as did the Seventh Circuit) that including only the following "we will not sue" sentence is insufficient. The opinion also was written in the context of summary judgment; that is, after the parties had an opportunity to develop extrinsic evidence to prove that unsophisticated consumers did in fact find the letter there to be misleading. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012).[3] Moreover, at least one other district court has found that near identical language has the potential to mislead unsophisticated consumers about whether a debt collector could still bring suit despite the age of the debt. *See Collopy*, 2017 WL 1321118, at *3 (denying motion to dismiss because unsophisticated consumers "could reasonably construe [near identical language] as stating that [the debt collectors] are merely electing not to sue on the debt, rather than that they are legally barred from doing so").

Finally, the defendants argue that their letter is not misleading because holding otherwise would require debt collectors to engage in the unauthorized practice of law. (Defs.' Mem. 4-5.) More precisely, they maintain that collectors would need to provide debtors with legal opinions about their time-barred debt, which is both impracticable and illicit, if the Court required them to provide more precise information. (*Id.*) This argument is meritless. Acknowledging that a debt one is trying to collect is time-barred does not provide legal advice; it simply renders the request for payment understandable as an appeal to conscious rather than as a veiled suggestion that the debt collector's forbearance may dissipate if the debtor fails to jump on the bargain being offered. The fix here may require nothing more than to change "will not" to "cannot."

---

[3] The defendants also cite to *Sorenson v. Rozlin Financial Group*, 15 C 50088, 2015 WL 6955494 (N.D. Ill. Nov. 10, 2015) to support their position. That case is distinguishable as well. The court dismissed the consumer's complaint principally because he failed to respond to the motion to dismiss, which resulted in an abandonment of his FDCPA claims. *Id.* at *2. Although the court went on to find that language similar to that at issue here would not mislead unsophisticated consumers, the court focused on the "we will not sue you" sentence, *id.*, which the Seventh Circuit has since found to be misleading, *Pantoja*, 852 F.3d at 687.

Therefore, the Court concludes that the defendants' collection letter has the potential to mislead the unsophisticated consumer. After discovery, though, Richardson must demonstrate that the challenged language is objectively misleading to succeed on his claim. *See Lox*, 689 F.3d at 822 (stating that where language is not misleading on its face, but has the potential to be misleading, "plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive"); *see also Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (stating that unsophisticated consumer standard is an objective test).

## II. Materiality

Having determined that Richardson plausibly alleges that the letter is misleading, the Court also finds that the misrepresentation at issue is material. In the context of the FDCPA, a letter is materially misleading when it "has the ability to influence the consumer's decision" in how to address the debt. *Lox*, 689 F.3d at 826 (quoting *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011) (emphasis omitted)). For example, in *Lox*, the Seventh Circuit found statements in a collection letter to be material where they suggested that the debt collector could recovery attorney's fees against the consumer in a suit to collect on the debt. *Id.* at 826-27. The court determined that if the statements were accurate, the consumer's decision to litigate the debt could have been much more costly than if he had paid his debt upon receiving the letter. *Id.* at 827. As a result, the perceived risk of having to pay attorney's fees could have influenced the consumer to pay his debt, even though he preferred to contest it. *Id.*

The same is true here. An unsophisticated consumer who read the collection letter that Richardson received could have been led to believe that his debt was legally enforceable. Fearing the consequences of not paying the debt, the misconception could influence the consumer to pay

9

up, even though he preferred to ignore the letter. *See Pantoja*, 852 F.3d at 687-88. Moreover, and more importantly, misconceptions about the enforceability of a time-barred debt could lure consumers into a ***worse*** legal position than had they done nothing. *See id.* at 684-85; *McMahon*, 744 F.3d at 1021 ("[A] gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount."). The defendants rejoin that unsophisticated consumers would not be influenced by the misconception because the letter put Richardson on notice that "no legal proceedings would be filed against him." (Defs.' Mem. at 6-7.) But if the consumer believed that the debt collector could change his mind at any moment, then the collector's promise not to sue rings hollow. Therefore, because the collection letter could influence an unsophisticated consumer to pay on his debt, instead of doing nothing (the better option), Richardson's claim satisfies the materiality requirement.

\*         \*         \*

Accordingly, for the foregoing reasons, the defendants' motion to dismiss is denied.

Date: October 31, 2017

John J. Tharp, Jr.
United States District Judge

10